UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CR-20931-KMW

UNITED STATES OF AMERICA

v.

SHIRLEY HERRERA COLORADO,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT COLORADO'S CORRECTED MOTION TO REDUCE SENTENCE [DE 248]

The United States of America, by and through the undersigned Assistant United States Attorney, hereby file its response to defendant Shirley Herrera Colorado's ("Colorado") motion to reduce sentence pursuant to the First Step Act (DE 248). Colorado, for the second time in six months, seeks compassionate release pursuant to the First Step Act due to her hypertension and diabetes; which in light of COVID-19 (also known as SARS-CoV-2) and its variants, which she claims place her in greater danger compared to the average prisoner. The motion should be denied. The Court denied her motion for compassionate release in October 2020 – finding that she had not her burden inasmuch as BOP was managing her medical conditions and that the mere existence of COVID-19 did not merit her immediate release. Colorado offers no change in her medical condition that warrants the Court to revisit the denial. If anything, Colorado presents a weaker case for immediate release because she has since received the Pfizer COVID-19 vaccine.

The Government incorporates by reference its response (DE 238) to Colorado's first motion for compassionate release. This response sets out the applicable case law for 3582 motions. To summarize, courts lack the inherent authority to reduce previously imposed sentences. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). So a

1

defendant's request for a reduced sentence must be tied to a statute or rule. Colorado relies on the compassionate-release provision of § 3582, and it's her burden to show such release is warranted. *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). Before filing a motion for this relief, a defendant must exhaust their administrative remedies. Section 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [the sentencing court] may reduce the term of imprisonment . . . ." § 3582(c)(1)(A).

With respect to the motion before the Court, Colorado has not exhausted her administrative remedies, and she must first do this before seeking relief from this Court. Colorado has never asked BOP for immediate release and BOP must be allowed to consider her request, especially now that she claims she should be released after she has received a vaccine. This represents a material change from her initial request when she only asked BOP for home confinement prior to filing her first motion in federal court for compassionate release. The Eleventh Circuit recently reaffirmed the exhaustion requirement and found that when a party raises it, a court must enforce the rule. *See United States v. Harris*, 2021 WL 745262 *2 (March 2, 2021). The United States again raises the exhaustion requirement before this Court.

Even addressing the merits, Colorado's motion must fail. According to her defense counsel, Colorado received the Pfizer COVID-19 vaccine. Colorado does not cite to any court that has granted compassionate release to an inmate that has received a vaccine. In fact, the clear majority of decisions counsel against her immediate release. *See e.g.*, *United States v. Lipscomb*,

2

2021 WL 734519 *2 (M.D. Fla. 21, 2021) (inmate could not extraordinary and compelling standard after receiving COVID-19 vaccination); *United States v. Goston*, 2021 WL 872215 *2 (E.D. Wash. Mar. 9, 2021) (denying motion and highlighting that "[t]he Centers for Disease Control and Prevention ("CDC") advise that the Pfizer vaccine is 95% effective at preventing COVID-19 in individuals who have not previously contracted COVID-19 . . ."); *United States v. Martinez*, 2021 WL 927360 *3 (S.D. Cal. Mar. 10, 2021) (court agreed that "with other district courts that Defendant's "vaccination significantly mitigates the risk that [s]he will contract COVID-19," much less become seriously ill"; *United States v. Singh*, 2021 WL 928740 *2-3 (M.D Pa. Mar. 11, 2021) (highlighting with respect to COVID-19 and its variants, that [a]lthough vaccines are not one hundred percent effective, the CDC states that "[c]urrently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19." Vaccines are particularly effective at preventing "severe illness and death"); *but see United States v. Manglona*, 2021 WL 808386, at *1 (W.D. Wash. Mar. 3, 2021) (granting compassionate release despite vaccination).

The district court in *Singh* held that the defendant failed to meet his burden that the available vaccines did not mitigate the dangers posed by COVID-19 and its variants. *Id.* In particular, and a case involving the less effective Modera vaccine, the Court highlighted that:

> It is, of course, possible that future research will demonstrate that current, or future, COVID-19 variants mitigate the effectiveness of the Moderna vaccine to such an extent that the vaccine no longer provides individuals with effective protection. However, Singh has not demonstrated that such is the case today and, it bears emphasizing, the burden falls upon Singh to demonstrate that compassionate release is warranted.

If anything, BOP steps to vaccinate Colorado and other inmates serves as a prime example of the measures that BOP has undertaken to protect its inmates. While the vast amount of Americans are still waiting to receive the vaccine, Colorado is now vaccinated. The dangers posed

by COVID-19 and its variants are greatly diminished with her vaccination, especially given her incarceration at an institution with only four active cases among 767 inmates, that is, one half of one percent of all inmates. *See* https://www.bop.gov/coronavirus/ (Last checked on March 16, 2021). Indeed, 68 inmates have now been vaccinated at her institution – FCI Tallahassee, with that number increasing by the day. *See id.*

While Colorado cites articles on the risks of COVID-19 variants, in particular the UK, Brazil, and South African strains. However, in a more recent article, the prestigious New England Journal of Medicine found the Pfizer vaccine effective to certain extents against all three of these variants. *See https://www.yahoo.com/lifestyle/coronavirus-update-pfizer-bio-n-tech-vaccine-effective-against-brazil-variant-cdc-shares-new-rules-for-vaccinated-people-172517225.html* (March 9, 2021). Based on this scientific journal, the Pfizer vaccine provides a level of protection against the variants and it greatly lessens the likelihood that Colorado will suffer a serious medical condition if she somehow contracts a variant strain.

Defendant's request for a sentence reduction should also be denied because she has failed to demonstrate that she otherwise merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

While there is no evidence of acts of violence by the Defendant related to the offense of conviction, she nonetheless trafficked in a large amount of cocaine that ended up on the streets of the United States. Granting her an immediate release would not promote respect for the law,

provide just punishment for the offense, or afford adequate deterrence.  Based on these factors, a denial of the Defendant's motion to reduce sentence is warranted pursuant to 3553(a).

Even if this Court concludes (contrary to the argument set forth in the previous section) that the defendant has established "extraordinary and compelling reasons" for a sentence reduction based on the risk of contracting COVID-19, the Defendant has not established that she would be less vulnerable to COVID-19 if she were released. Indeed, the Defendant would first go to immigration custody, where her medical issues may not be as well considered.  It is also unclear how long she would remain in immigration custody before being removed.

For these reasons, Colorado—now vaccinated, which is unlike most Americans, has failed to meet her burden that she is at is at a substantial risk of serious illness or death from a COVID-19 or variant infection.  Her motion should be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ *Robert J. Emery*
ROBERT EMERY
Assistant United States Attorney
Court ID No. A5501892
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9421
Email: Robert.emery2@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and thereby, served on counsel of record.

By: s/ *Robert J. Emery*
Robert J. Emery
Assistant United States Attorney